**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**STEVEN LUDWIG,**

    **Plaintiff,**                                                   **CASE NO.**

v.

**DEUTSCHE BANK AG; DB USA CORPORATION; and, DEUTSCHE BANK SECURITIES, INC.,**

    **Defendants.**
_____/

**DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL**

Defendants, DEUTSCHE BANK AG, DB USA CORPORATION, and, DEUTSCHE BANK SECURITIES, INC. (collectively as "Defendants"), by and through undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, and Title 28 of the United States Code §§ 1332, 1441, and 1446, hereby file this Notice of and Petition for Removal. Defendants request that this Court remove the civil action filed by Plaintiff, STEVEN LUDWIG ("Plaintiff"), in the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. The grounds for removal of this civil action are set forth below.

**I.    BACKGROUND**

1.    Plaintiff filed his Complaint ("Complaint) in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, bearing case name *Steven Ludwig v. Deutsche Bank AG, DB USA Corporation and Deutsche Bank Securities, Inc.*, and case number CACE-20-007449 (the "Circuit Court Case").

1

2. On May 12, 2020, Defendants were served with the Complaint and Summons. Copies of all process, pleadings and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a).

3. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, encompasses the judicial district in which Plaintiff filed his Complaint. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

4. This Notice of and Petition for Removal has been filed within 30 days of Defendants' receipt of service of the Complaint in the Circuit Court Case on May 12, 2020. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. As discussed further below, this action is removable because there is complete diversity and the jurisdictional amount in controversy threshold is met.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Seventeenth Judicial Circuit in and for Broward County, Florida.

7. In his Complaint, Plaintiff seeks relief for alleged violation of the Florida Whistle-Blower Act, §448.101, Fla. Stat. *et seq.* (2013) (the "FWA"). *See* Comp. Ex. "A," Compl. at ¶¶ 27-33. Plaintiff seeks damages under the FWA in the form of "loss of earnings, loss of earning capacity, loss of enjoyment of life, injury to reputation and severe emotional distress. *See* Compl. at ¶ 32. Plaintiff also seeks lost wages (including merit increases, loss of promotional opportunity, benefits, and other remuneration), and claims entitlement to compensatory damages, attorney's fees and costs under the FWA. *See* Compl., Prayer for Relief, subparagraphs (c), (b)-(d).[1]

---

[1] There are two subparagraphs (b) and (c) in the Prayer for Relief. The initial subparagraph (b) prays to enjoin Defendants "from engaging in such conduct" and the second prays to awarding compensatory damages to Plaintiff for his pain and suffering. The initial subparagraph (c) seeks restitution damages to Plaintiff for all lost wages including

## II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.     The Parties Are Completely Diverse

8.     The Circuit Court Case is within the jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

9.     Diversity jurisdiction exists where there is diversity of citizenship between the parties. *See Hines Interests Ltd. P'ship v. Southstar Capital Grp. I, LLC*, 2018 U.S. Dist. LEXIS 222956, *10 (M.D. Fla. Dec. 20, 2018); 28 U.S.C. § 1332(a)(1).

10.    Plaintiff alleges that at all times material hereto he was employed by Defendants in Jacksonville, Florida.  *See* Compl. at ¶ 3.

11.    During his employment, Plaintiff represented that he was a resident of Dallas, Texas. *See* Declaration of Kalynn Dodd, Human Resources Business Advisor, ¶ 13 attached hereto as **Exhibit "B."**

12.    Defendant Deutsche Bank AG is a foreign corporation that is incorporated in Germany and has its principal place of business in Frankfurt. *See* Dodd Decl., ¶ 7

13.    Defendant DB USA Corporation is a foreign corporation that is incorporated in Delaware with its principal place of business in New York. *See* Dodd Decl., ¶ 8.[2]

14.    Defendant Deutsche Bank Securities, Inc. is a foreign corporation that is incorporated in Delaware with its principal place of business in New York. *See* Dodd Decl., ¶ 9.

---

merit increases, loss of promotional opportunity benefits, and other remuneration, and the second prays to award Plaintiff his costs and attorneys' fees.

[2] Plaintiff was employed by DB USA Core Corporation at the time of his termination. *See* Dodd Decl., ¶¶ 14, 17. DB USA Core Corporation is a foreign corporation incorporated in Delaware with its principal place of business in New York. *See id.* at ¶ 10.

15. Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." There is complete diversity of citizenship between Plaintiff and Defendant because Plaintiff is a citizen of the State of Texas, and Defendants are incorporated in Germany and Delaware and have their principal places of business in Frankfurt, Germany and New York. *See* Dodd Decl., ¶¶ 7-8, 13, 15-16.

16. Therefore, there is complete diversity, and removal is affected by a non-resident defendant. 28 U.S.C. §§ 1441 et seq.; *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (noting complete diversity exists where "no plaintiff is a citizen of the same state as any defendant").

  **B.** **The Amount in Controversy Exceeds $75,000**

17. Here, there is a preponderance of the evidence that Plaintiff seeks more than the jurisdictional requirement of $75,000.

18. Plaintiff alleges that he is owed damages available under the FWA, including back pay, benefits, and compensatory damages, as well as attorney's fees, expert fees, and costs. *See* Paragraphs 32 of Count I of the Complaint and the WHEREFORE paragraph, subparagraph (c), (b), following Paragraph 33 of the Complaint;

19. Plaintiff's Complaint does not specify the total damages sought, indicating only that "[t]his is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of any claim for costs, interest or attorney's fees." *See* Compl. at ¶ 1. "Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Roe v. Michelin N. Am., Inc.*, 613

F.3d 1058, 1061 (11th Cir. 2010) (removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement). However, a removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

20. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061. While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, *6; 2014 U.S. Dist. LEXIS 95412 (M.D. Fla. Jul. 14, 2014) (Howard, J.) (*quoting Pretka*, 608 F.3d at 752). A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka,* 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan*, 2014 U.S. Dist. LEXIS 95412 at *7-8 (citing *Roe*, 613 F.3d at 1064).

21. In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *See e.g. Penalver v. N. Elec.,* 2012 U.S. Dist. LEXIS 53662 (S.D. Fla. Apr. 17, 2012); *Risk v. JetBlue Airways Corp.*, 2017 U.S. Dist. Lexis 62542 (S.D. Fla. Apr. 24, 2017); *Hendry v. Tampa Ship, LLC*, 2011 U.S. Dist. LEXIS 14459 (S.D. Fla. Feb. 4, 2011) (affidavit establishing back pay based on the plaintiff's salary at the time of her termination was sufficient to establish the amount in controversy requirement)

22. Under the FWA, Plaintiff may be awarded compensation for lost wages, benefits, and other remuneration and any other compensatory damages allowable at law. *See* Fla. Stat. § 448.103. Plaintiff may also be awarded attorney's fees, court costs, and expenses. *See* Fla. Stat. § 448.104.

### 1.     **Back Pay/Lost Wages Calculations**

23. A prevailing plaintiff under the FWA is statutorily entitled to recover compensation for lost wages, or back pay. *See* Fla. Stat. §448.103(2)(d); *Risk*, 2017 U.S. Dist. Lexis 62542 (S.D. Fla. Apr. 24, 2017) (denying the plaintiff's motion to remand holding that the defendant met its burden to show that the amount in controversy of the alleged FWA claim more likely than not exceeded jurisdictional threshold based on the defendant's estimate of back pay damages alone). For the purpose of estimating the amount in controversy, federal courts calculate the potential back pay award from the date of the alleged adverse employment action until the date of trial, less the plaintiff's mitigation of damages. *See Risk*, 2017 U.S. Dist. LEXIS 62542 at *9) (citing *Penalver*,

6

2012 U.S. Dist. LEXIS 53662 at *2); *Cashman v. Host Int'l, Inc.*, No. 8:10-cv-1197-T-30-MAP, 2010 U.S. Dist. LEXIS 123164, *3 (M.D. Fla. Nov. 9, 2010) (calculating back pay based on projected trial date 12 months from removal for purposes of determining amount in controversy) (citation omitted).

24. At the time of his separation of employment on May 16, 2018, Plaintiff's annual salary was $150,000.00. *See* Declaration of Kalynn Dodd, ¶¶ 17-18. Plaintiff was also eligible to participate in a number of Defendant's employee benefits, including medical, dental, vision, 401(k) plan, and life insurance. *Id*. When conservatively applied to an estimated trial date of June 18, 2021 (approximately 12 months from the date of removal), Plaintiff could be entitled to approximately 160 weeks of back wages, totaling approximately $461,539.20.

25. To be certain, Plaintiff alleges that after his termination he was unemployed for fifteen (15) months. *See* Compl. at ¶ 31. Even when assuming, *in arguendo*, that Plaintiff mitigated his damages entirely fifteen (15) months after his termination, given that his base salary was no less than $150,000, the potential back pay award would still exceed the $75,000 threshold.[3]

26. Accordingly, Defendants have met their burden and demonstrated that the potential back pay damages based on Plaintiff's base salary alone are more likely than not to exceed the jurisdictional threshold of $75,000. *See Messina v. Chanel, Inc.*, 2011 U.S. Dist. LEXIS 71138, *5-7 (S.D. Fla. July 1, 2011); *Risk*, 2017 U.S. Dist. LEXIS 62542 at *10; *Portaro v. Livemercial, Inc.*, 2009 U.S. Dist. LEXIS 137842, *3-5 (M.D. Fla. Sept. 30, 2009).

27. Given that the amount of back pay potentially recoverable by Plaintiff exceeds the jurisdictional requirement for the amount in controversy, further analysis of the amount-in-controversy threshold is not required. *See e.g. Osorio v. Medtronic, Inc.*, 2011 U.S. Dist.

---

[3] Based on the annual salary of $150,000, Plaintiff's gross monthly income was $12,500. His earnings during the alleged fifteen (15) months of unemployment equates to $187,500.

7

LEXIS 29980, *10-11, n. 4 (S.D. Fla. Mar. 23, 2011) (declining to address arguments "regarding other bases for jurisdiction, including lost benefits, prejudgment interest, front pay, compensatory damages, punitive damages, and attorneys' fees and costs" when the plaintiff's potential back pay award exceeded the jurisdictional requirement for diversity jurisdiction); *Risk*, 2017 U.S. Dist. LEXIS 62542 at *10 ("Because the Undersigned finds that the requested back pay and benefits already meets the amount in controversy, a specific estimate of reasonable attorney's fees is unnecessary."); *Portaro*, 2009 U.S. Dist. LEXIS 137842 at *4 (where back pay damages based on the plaintiff's base salary exceeded $75,000, "[t]he Court need not analyze other claimed damages.").

## 2. Compensatory Damages Calculations

28. In addition to his claim for back wages, compensatory damages are also recoverable under the FWA. Plaintiff requests such damages in the WHEREFORE paragraph, subparagraph (b) of the Complaint.

29. Plaintiff's compensatory damages may generally include a variety of intangible, non-economic losses that can further demonstrate that the jurisdictional threshold is satisfied, or in the case, exceeded. *See generally*, *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, 2007 U.S. Dist. LEXIS 70535 (S.D. Fla. Sept. 24, 2007) (general allegations of pain, mental anguish, scarring, loss of enjoyment of life, etc. were sufficient to put defendant on notice that the jurisdictional threshold was satisfied). Even "garden-variety" compensatory damages in employment termination cases may significantly increase the amount in controversy. *See e.g. Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, *16-17 (M.D. Fla. May 11, 2005) (citing *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000)). Indeed, even though Plaintiff does not place a dollar figure on his alleged compensatory damages

8

claims, the request of such damages supports the conclusion "that these additional damage claims further increase the amount in controversy well above the $75,000 jurisdictional threshold." *Id*. at *17; *see also Gonzalez v. Honeywell Int'l, Inc.*, 2017 U.S. Dist. LEXIS 5837, *7 (M.D. Fla. Jan. 17, 2017) (FCRA plaintiff's motion to remand was denied; with respect to the plaintiff's claims for compensatory damages, punitive damages, and attorney's fees, the court noted that it "need not pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy").

30. For the purposes of evaluating potential emotional distress claims to determine the amount in controversy, courts have looked to compensatory damage awards in similar cases, including those brought under Title VII of the Civil Rights Act of 1964, as amended. *See e.g., Gavronsky v. Walgreen Co.*, 2010 U.S. Dist. LEXIS 24008, *7 (M.D. Fla. Feb. 25, 2010)*; Simmons v. Washington Mutual Finance, Inc.*, No. 8:06-CV-01613, 2007 WL 641101, at *1 (M.D. Fla. Feb. 26, 2007).

31. Juries in federal cases in Florida have awarded compensatory damages in employment discrimination cases at or greater than the jurisdictional threshold. *See, e.g., Mark DeCarlo v. City of Tallahassee,* 4:14-cv-00388-WS-CAS, (N.D. Fla., Tallahassee Division) (jury award of $700,000 in pain and suffering damages in disability discrimination case); and *Chanal Paterson v. State of Florida, Department of Corrections,* 1:12-CV-00029-MW-GRJ (N.D. Fla., Gainesville Division) (jury award of over $500,000 in FWA case). Courts have even awarded compensatory damages in excess of the jurisdictional threshold while simultaneously acknowledging that the plaintiff suffered only typical or garden variety emotional distress expected of an employment discrimination victim. *See Copley v. BAX Global, Inc*., 97 F. Supp. 2d 1164

(S.D. Fla. May 5, 2000) (remitting a jury award of $500,000 for emotional damages to $100,000.00).

32. The estimates presented *supra* are not mere conclusory allegations, and are not based on mere speculation, but rather are based on a review of damages awards in similar cases. *See e.g. Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *6-7 (M.D. Fla. Mar. 23, 2007) (plaintiff's motion to remand denied where defendant showed amount in controversy met, in part, by reviewing damage awards in similar cases). Based on Plaintiff's allegations, it is reasonable to conclude that a modest, conservative award for compensatory damages of an additional $10,000 - $20,000 in garden variety emotional distress should be taken into account in calculating the amount in controversy.

### 3. Attorney's Fees Calculations

33. An award of attorney's fees is permitted to the prevailing party under the FWA. Plaintiff requests such fees in his WHEREFORE paragraph, subparagraph (c) following Paragraph 33 of the Complaint. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g. Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008); *Gavronsky*, 2010 U.S. Dist. LEXIS 24008 at *9; *Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *6 (M.D. Fla. Mar. 23, 2007).

34. Here, Plaintiff's counsel could be expected to expend at least one hundred twenty-five (125) hours prosecuting this action, which would include depositions of witnesses, drafting and answering discovery, time spent briefing oppositions to Defendant's anticipated dispositive

motion, and preparing for and attending a 2-3 day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $30,000 in attorney's fees.

35. This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney and 190.8 hours billed by associate attorney was reasonable in Title VII and FCRA case through trial). To be certain, Defendants' use of a $250 hourly rate is also within the range of rates deemed reasonable in cases involving employment disputes. *See Holland*, 2012 U.S. Dist. LEXIS 164956 at *12-14 (collecting cases).

### 4. Final Calculation Of Amount In Controversy

36. In demonstrating that the jurisdictional threshold is satisfied, Defendants do not imply or suggest that Plaintiff will prevail in this action or recover the amounts in controversy discussed above, or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 732 (11th Cir. 2014).

37. That said, Defendants have demonstrated that Plaintiff's claim for back wages alone exceeds the $75,000 amount in controversy requirement. When combined with Plaintiff's claim for compensatory damages and attorney's fees the amount in controversy clearly satisfies the $75,000 jurisdictional threshold needed to support removal. Therefore, Defendants have

demonstrated that it is more probable than not that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

### III. VENUE

38. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, includes the judicial circuit in which Plaintiff filed his Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. §1446(a).[4]

### IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

39. This Notice of and Petition for Removal has been filed within thirty (30) days of service of the Complaint. Accordingly, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. §1446(b).

40. Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the Circuit Court Case are attached to this Notice of and Petition for Removal as Composite Exhibit "A," as required by 28 U.S.C. §1446(a).

41. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide written notice of this removal to all parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

42. The evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court.

---

[4] While removal to this Court is appropriate under the requirements of 28 U.S.C. §1446(a), Defendants do not waive or acquiesce that venue is proper in the Southern District of Florida, and reserve all rights and abilities to move for dismissal or transfer of this action to the Jacksonville Division of the Middle District of Florida.

**WHEREFORE**, Defendants respectfully request that the United States District Court for the Southern District of Florida, Fort Lauderdale Division, accept the removal of this action from the Circuit Court and direct that the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, have no further jurisdiction over this action.

DATED this 11th day of June, 2020.

                                          Respectfully submitted,

                                          JACKSON LEWIS, P.C.
                                          501 Riverside Avenue, Suite 902
                                          Jacksonville, Florida 32202
                                          Telephone: (904) 638-2655
                                          Facsimile: (904) 638-2656

                                          By: */s/ B. Tyler White*
                                          B. Tyler White
                                          Florida Bar No. 0038213
                                          tyler.white@jacksonlewis.com
                                          Todd R. Dobry
                                          Florida Bar No. 109081
                                          todd.dobry@jacksonlewis.com

                                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed and served using the CM/ECF System, which will automatically give notice this 11th day of June, 2020, to the following counsel of record:

G. Ware Cornell, Jr.
Cornell & Associates, P.A.
2645 Executive Park Drive
Weston, FL 33331
ware@warecornell.com

*Attorney for Plaintiff*

                                          */s/ B. Tyler White*
                                          Attorney

4825-1133-7149, v. 9